■ THOMAS E. SULLIVAN et al., Respondents, v JOY MANUFACTURING COMPANY et al., Respondents, and J.W. GREER COMPANY, Appellant. (And a Third-Party Action.)—Order, insofar as appealed from, unanimously reversed, on the law, without costs, and appellant's motion granted, in accordance with the following memorandum: Plaintiff was seriously injured when a five-foot long ice chopper he was using to remove ice cream packages from a conveyor tray on a Greer harden-

ing machine came into contact with a blade of a high-speed vane-axial cooling fan, causing a piece of the blade to break off striking him in the left eye. At the time of the accident, plaintiff was standing on a 20- to 30-inch catwalk between the conveyor portion of the hardening machine and the vane-axial fans. Special Term erred in determining that a special relationship existed between defendant J.W. Greer, Inc. and plaintiff's employer which imposed a duty on Greer to warn plaintiff's employer of the dangers inherent in using high-speed vane-axial fans in conjunction with a Greer hardening machine. The only contact between defendant Greer, successor to the manufacturer of the Greer hardening machine, and plaintiff's employer was a single service call. This service call, approximately two years prior to the accident, was to inspect the equipment erected. When the inspection was made, neither the catwalk nor the fans was installed. This single contact by a serviceman is insufficient to create a special relationship and impose a duty to warn on defendant Greer *(see, Schumacher v Richards Shear Co.,* 59 NY2d 239, 247-249). (Appeal from order of Supreme Court, Erie County, Fudeman, J.—dismiss cause of action and cross claims.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.